# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAIAH RANSOME, | ) | |
| | ) | Civil Action No. 16 – 1571 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| JOHN E. WETZEL, *Secretary of the Pennsylvania Department of Corrections*, DORINA VARNER, *Chief Grievance Coordinator*, KERI MOORE, *Assistant Grievance Coordinator*, TRACY SHAWLEY, *Grievance Coordinator*, SUPERINTENDENT ROBERT GILMORE, SHELLY MANKEY, *Unit Manager*, RENDELL, *Maintenance Plumber*, DESIMON, *Maintenance Plumber*, RICZINSKI, *Maintenance Plumber*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ECF No. 17 |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

For the reasons stated herein, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 17) be granted and that Plaintiff's Complaint (ECF No. 4) be dismissed with prejudice for failure to state a claim.

### II. **REPORT**

Plaintiff Isaiah Ransome ("Plaintiff") brings the instant prisoner civil rights action against numerous Defendants who are Pennsylvania Department of Corrections' (DOC) officials and employees at the State Correctional Institution Greene ("SCI-Greene"), where he is currently

1

incarcerated. In his Complaint, Plaintiff alleges that Defendants violated his rights under the First, Eighth and Fourteenth Amendments of the United States Constitution, as well as the Pennsylvania Crimes Code and state tort law. (ECF No. 4.) Defendants, with the exception of Desimon, have now filed a Motion to Dismiss for failure to state a claim. (ECF No. 17.) For the following reasons, the Motion should be granted.

### A. Plaintiff's Allegations

Plaintiff alleges that on January 14, 2015, his cell block experienced "a flood to the bottom range." (ECF No. 4, ¶ 21.) In response, Defendants Rendell, Desimom and Riczinski, who are alleged to be maintenance plumbers, "authorized the removal" of the top cover to the sewage/septic hole situated directly outside of Plaintiff's cell door, and left it uncovered until sometime between January 27th and 29th. Id., ¶¶ 22-24.

Plaintiff alleges that at approximately 8:00am on January 18, 2015, he "tripped" on the uncovered sewage/septic hole as he was exiting his cell. Id., ¶¶ 14-15. He states that he "fell, striking the back of his head and back to the concrete floor, and felt a pop in the back of the knee area after hitting the concrete floor." Id., ¶ 16. He was helped up by his cellmate Marquise Neal and Officer Gillespie and taken to medical by wheelchair. Id., ¶¶ 17-18. He states that he sustained a severe concussion as a result of his fall, and experienced severe pain in his head, dizziness, double vision and a numbing sensation called nausea. Id., ¶¶ 20, 26. He was prescribed 600mg of Ibuprofen for his pain and 25mg of Meclizine for his dizziness. Id., ¶ 27.

On February 6, 2015, Plaintiff filed a grievance with Defendant Tracy Shawley, the Grievance Coordinator at SCI-Greene. Id., ¶ 28. Defendant Shawley assigned the grievance to Defendant Shelly Mankey, Unit Manager, who denied it on February 24, 2015. Id., ¶¶ 29-30.

Defendant Robert Gilmore, Superintendent of SCI-Greene, denied Plaintiff's appeal, and Defendant Dorina Varner, Chief Grievance Officer, denied his final appeal. Id., ¶¶ 31-32.

B. **Standard of Review**

The United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quotation marks and citations omitted); *see also* Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 117–18 (3d Cir. 2013).

Also, when considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at

688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### C. Discussion

#### 1. Conditions of Confinement

Plaintiff claims that Defendants Rendell, Desimon and Riczinski violated his right to be free from "cruel and unusual punishment" because they acted with "deliberate indifference" and "negligence" by leaving the septic/sewage hole uncovered, which created an unsafe condition that caused his injuries. (ECF No. 4, ¶¶ 48-49.) The undersigned liberally construes these allegations to assert an Eighth Amendment conditions of confinement claim based on purportedly unsafe conditions.

The Eighth Amendment obligates prison officials to "take reasonable measures to guarantee the safety of inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). To succeed on an Eighth Amendment non-medical conditions of confinement claim, the inmate must demonstrate both an objective element – that the deprivation was sufficiently serious, and a subjective element – that the prison officials acted with a sufficiently culpable mind. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271, 298 (1991). In cases involving prison safety or prison conditions, the relevant state of mind is one of deliberate indifference to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that an inmate faces a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

4

An accidental injury does not amount to an Eighth Amendment violation when prison officials act negligently or are unaware of a substantial risk of serious harm that results in injury. Id. at 835. It has been repeatedly held that mere negligence does not satisfy the "deliberate indifference" requisite for a constitutional violation, and it is not enough to show that a prison guard merely failed to act reasonably. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993); Quarles v. Palakovich, 736 F. Supp. 2d 941, 949 (M.D. Pa. 2010) (quoting Barrand v. Donahue, 2006 WL 2982051, *2 (N.D. Ind. Oct. 16, 2006).

District courts within the Third Circuit have applied these guiding constitutional principles in a series of cases involving inmate allegations that correctional staff exposed prisoners to dangerous and unsafe physical conditions. In Peeks v. Beard, the plaintiff suffered injury when a light fixture fell on his head. 2005 WL 3088369, at *1-2 (M.D. Pa. Nov. 17, 2005). Even though the plaintiff alleged that the prison officials knew or should have known that the area was unsafe, the district court dismissed the complaint because the plaintiff referred to the injury as accidental and his allegations did not support an inference that the officials acted with deliberate indifference. Id. Similarly, in Thomas v. Zinkel, the district court held that the plaintiff did not state a cognizable § 1983 claim when the plaintiff slipped and fell from a ladder while working to fix a leak because despite using the constitutional code words "deliberate indifference" he failed to allege that the prison officials subjectively knew of and appreciated a substantial risk of harm. 155 F.Supp.2d 408, 414 (E.D.Pa. 2001).

In Bacon v. Carroll, the Third Circuit held that the plaintiff's injury from slipping on a wet floor was accidental, and an inference could not be drawn from the plaintiff's allegations that prison officials were deliberately indifferent. 232 F. App's. 158, 160 (3d Cir. 2007). In Innis v. Wilson, the Third Circuit also held that a prisoner's Eighth Amendment claim failed to state a

5

cognizable basis for relief when allegations were brought against prison maintenance workers for failing to repair a table that collapsed, causing injuries to the plaintiff. 334 F. App'x 454 (3d Cir. 2009).

In the instant case, viewing the facts and all reasonable inferences therefrom in a light most favorable to Plaintiff, the undersigned has no hesitancy in concluding that the allegations in the Complaint, at most, amount to negligence. Plaintiff himself even refers to Defendants' actions as "negligence" and there are no allegations in his Complaint that they left the sewage/septic hole uncovered intentionally to cause him harm or that by leaving it uncovered they deliberately disregarded a known substantial risk of harm. In fact, Plaintiff admits that the hole was marked and covered with a yellow wet floor sign and that on the morning of his fall the sign had been removed by guards working the night shift, not by the Defendants. Thus, any wrongdoing in question would be attributed to the individual who removed the sign while the hole was still uncovered.

Plaintiff's allegations are analogous to those of a typical state tort claim like the cases cited above. At most, these Defendants were negligent in their duty to protect him from hazardous conditions, which is insufficient to state a claim under the Eighth Amendment or the Fourteenth Amendment's due process clause. *See* Daniels v. Williams, 474 U.S. 327, 332, (1986) (confirming that negligent acts of officials which cause unintended loss or injury do not rise to a constitutional level); Frances–Colón v. Ramirez, 107 F.3d 62, 64 (1st Cir. 1997) ("A proximate causal link between a government agent's actions and a personal injury does not, in itself, bring a case out of the realm of tort law and into the domain of constitutional due process."); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1142-43 (3d Cir. 1990) ("conduct amounting to no more than simple negligence cannot constitute a violation of the constitutional

6

right to due process, regardless of whether the conduct is better characterized as nonfeasance"); Thomas v. Zinkel, 155 F.Supp2d 408, 414 (E.D. Pa. July 26, 2001) ("negligence does not transform into a constitutional claim solely because it is committed under color of state law."). There are no set of facts under which Plaintiff could prove a violation of his constitutional rights with regard to his fall. Thus, this claim should be dismissed.

### 2. **Inadequacy of Grievance System**

Plaintiff alleges that the DOC grievance system is "inadequate to the point that they just basically rubberstamp decisions" and so "the only means of remedy is [through] the court system." To the extent Plaintiff is alleging that the inadequacy of the grievance system somehow violates his constitutional rights, such a claim fails as a matter of law because inmates do not have a constitutional right to a prison grievance system. *See, e.g.*, Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases and stating that "[t]he courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner."). Thus, violations of grievance procedures do not give rise to a cognizable claim under 42 U.S.C. § 1983. *See* Hoover v. Watson, 886 F. Supp. 410, 418-19 (D. Del. 1995), *aff'd*, 74 F.3d 1226 (3d Cir. 1995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim). Accordingly, any allegations of inadequacies in the grievance system or improprieties in the handling of Plaintiff's grievances do not state a cognizable claim under § 1983 and should therefore be dismissed.

7

### 3. **Personal Involvement**

Plaintiff claims Defendants Mankey, Gilmore, Varner and Shawley are liable for failing to thoroughly investigate the allegations in his grievance in which he complained of his fall and liable for essentially "rubberstamping" the denial of his grievance and subsequent appeals.

For liability under 42 U.S.C. § 1983, a defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. However, the denial of a grievance or mere concurrence in an administrative appeal process is insufficient to establish personal involvement necessary for liability in a Section 1983 action. *See* Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right."); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct). *See also* Wilkerson v. Schafer, No. 09-2539, 2011 U.S. Dist. LEXIS 25916, 2011 WL 900994, at *7 (M.D. Pa. Mar. 14, 2011) (allegations that defendants "should be held liable for due process violations because they should have become aware of them through their review of his misconduct appeals is insufficient to establish their personal involvement in the underlying unconstitutional conduct"); Croom v. Wagner, No. 06-1431, 2006 U.S. Dist. LEXIS 64915, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor

an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pa. Dept. of Corr., No. 06-1444, 2006 U.S. Dist. LEXIS 51582, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). Accordingly, the claims against these Defendants relating to their involvement in the grievance process should be dismissed.

### 4. **Violation of DOC Policy and Regulations**

Although unclear, Plaintiff appears to allege that the Defendants violated DOC policy and regulations and thus violated his right to due process. While Plaintiff does not specify what policies and regulations were allegedly violated, his claim nevertheless fails as a matter of law because a state agency's internal policies, procedures and regulations do not, in and of themselves, create a liberty interest protected by the due process clause. *See*, *e.g.*, Hewitt v. Helms, 459 U.S. 460, 471 (1983) (stating the mere existence of careful procedural structure to regulate use of administrative segregation does not indicate existence of protected liberty interest); McLaurin v. Morton, 48 F.3d 944, 947 (6th Cir. 1995) (concluding that mere procedures do not create any substantive liberty interest, even when phrased in mandatory language); Culbert v. Young, 834 F.2d 624, 628 (7th Cir. 1987) (holding that the adoption of mere procedural guidelines does not give rise to a liberty interest), *cert. denied*, 485 U.S. 990 (1988); McGuire v. Forr, 1996 WL 131130 (E.D. Pa. 1996) (holding that inmate grievance procedures, in themselves, do not confer a liberty interest protected by the due process clause in the inmate grievance procedures), *aff'd*, 101 F.3d 691 (3d Cir. 1996). Thus, failure to follow them does not, in and of itself, result in a violation of due process. *See* Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."); Walker v. Zenk, No. 01-1644, 2007 U.S. Dist. LEXIS

9

96351, at *29-30 n.19 (M.D. Pa. Nov. 15, 2007) (*adopted in part and rejected in part by* 2008 U.S. Dist. LEXIS 9086 (M.D. Pa. Feb. 7, 2008)) ("[A]lleged violations of prison policies do[] not rise to the level of a Constitutional claim."); Estrella v. Hogsten, No. 06-1340, 2007 U.S. Dist. LEXIS 51208, at *21 (M.D. Pa. July 16, 2007) (holding that mere failure of prison officials to follow their own regulations alone is not a constitutional violation). To the extent that such a due process violation is alleged solely for Defendants' failure to comply with their internal policies and regulations, it should be dismissed.

### 5. Equal Protection and the Fourth and Fifth Amendments

Plaintiff alleges that he was denied equal protection as well as his rights under the Fourth and Fifth Amendments. However, there are no facts alleged in his Complaint to support a plausible claim for relief pursuant to the Fourth and Fifth Amendments or denial of equal protection. Moreover, the facts and circumstances underlying the Complaint simply do not support any claim for relief under these laws. Therefore, it is recommended that any claim for a violation of equal protection or rights under the Fourth and Fifth Amendments be dismissed.

### 6. Defendant Desimon

According to the docket, Defendant Desimon has not yet been served. However, it is recommended that the claims asserted against him be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a court to *sua sponte* dismiss a plaintiff's complaint when that plaintiff is proceeding *in forma pauperis* and the court determines that it fails to state a claim on which relief may be granted. Plaintiff is proceeding *in forma pauperis* and he has failed to state a claim against Defendant Desimon for the same reason he has failed to state a claim against the other maintenance plumber Defendants. Therefore, it is recommended that Plaintiff's claims against Defendant Desimon also be dismissed.

### 7. State Law Claims

If the Court should dismiss all of the federal claims against the Defendants, the Court must decide whether to exercise supplemental jurisdiction over Plaintiff's negligence claim and any other claim he may be raising under to state law. A court "may decline to exercise supplemental jurisdiction [over state law claims] if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims against the Defendants. If he so chooses, Plaintiff may pursue those claims in the appropriate state court.

### III. CONCLUSION

For the reasons stated herein, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 17) be granted and that Plaintiff's Complaint (ECF No. 4) be dismissed with prejudice for failure to state a claim.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: June 16, 2017

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Isaiah Ransome
LB5742
175 Progress Dr.
Waynesburg, PA  15370

Counsel of record